

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELISSA ANASTASIOU DALTON, individually and as guardian ad litem for Kala Smith, Rebekah Mabery Anastasiou and Michael Mabery; RALPH WEBER, <br><br> Plaintiffs - Appellants, <br><br> and <br><br> HARRY WHITLOCK; FERN BROYLES; SHEBIA CORNETT; ANGELA HARRINGTON; WANDA FARMER; LINDA GAYLE FORD; ALVIN E. FORD; TIMOTHY E. FORD; DANIEL W. FORD; TRACY L. FORD; MELINDA J. FORD; JUANITA SHUMAKER; DANIELLE SMITH; MARY SWEET; LORETTA THOMSEN; JACK TUTTLE; JO ANN WAKELAND; RUTH WEBER; KEVIN TODD; REBECCA LYNNE, <br><br> Plaintiffs, <br><br> v. <br><br> PEPSI AMERICAS; PNEUMO ABEX CORPORATION; PNEUMO ABEX, LLC, | No. 10-16074 <br><br> D.C. No. 3:08-cv-02742-SI <br><br> MEMORANDUM[*] |

—————————

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendants - Appellees.

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted June 15, 2011
San Francisco, California

Before: SCHROEDER, RIPPLE,[**] and BEA, Circuit Judges.

Melissa Anastasiou Dalton ("Dalton"), individually and as guardian ad litem for Kal Smith and others, and Ralph Weber ("Weber"), appeal the district court's summary judgment in favor of Pepsi Americas, Pneumo Abex Corporation, and Pneumo Abex, LLC in their diversity action alleging injuries sustained as a result of improper disposal of hazardous waste at the Remco facility located in Willits, California.

The district court properly granted summary judgment for defendants in Dalton's case. Dalton's claims were time-barred since she "knew, or should have known," the cause of her injuries years earlier. *See* 42 U.S.C. §§ 9658(b)(4), 9658(a)(1). The defendants presented evidence to the district court that Dalton

---

[**] The Honorable Kenneth F. Ripple, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

2

knew, or should have known, of her claims by at least 2000 because she met with an attorney and investigator who were looking for claimants at that time.

On appeal, Dalton suggests it is possible that the investigator and attorney led her to believe, however incorrectly, that she did not have a claim. This is speculative and insufficient to raise a genuine issue of fact defeating summary judgment. *See Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

The district court also properly granted summary judgment for defendants with respect to Weber's preconception claim because California state law does not recognize such a claim. In defining the contours of a preconception negligence claim, California courts have held that California "law imposes liability only when there is a 'special relationship' between the defendant and the mother giving rise to a *duty* to the minor plaintiff." *Hegyes v. Unjian Enters., Inc.*, 234 Cal. App. 3d 1103, 1114 (1991). In this case, Weber seeks compensation for personal injuries allegedly caused by preconception exposure of his parents and grandparents when they lived in Willits, but he does not allege they had any special relationship to the defendants. Thus, the district court properly concluded that because there was no special relationship between the defendants and Weber's mother, the defendants

did not owe him a duty of care. *See Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 844 (9th Cir. 2011).

**AFFIRMED**.